**In re AMBER B. and Bruce G.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1991.

Decided Oct. 11, 1991.

John D. Bunker, Paine, Lynch & Harris, P.A., Bangor, for appellant.

Margaret Semple, Geoffrey Goodwin, Asst. Attys. Gen., Augusta, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Candice N. appeals from the judgments entered by the District Court (Bangor, *Cox, J.*) on January 10, 1991, terminating her parental rights to her minor children, Amber B. and Bruce G., under 22 M.R.S.A. § 4055 (Pamph.1990).[1] We agree with Candice N.'s contention that the District Court erred in failing to make specific findings of fact as required by M.R.Civ.P. 52(a) and vacate the judgments.

A three-day consolidated hearing was held before the District Court on the petitions for the termination of Candice N.'s parental rights to Amber B., who is now 6 years old, and Bruce G., now 3 years old, filed by the Department of Human Services (DHS). Extensive and frequently conflicting documentary and testimonial evidence was presented on the issue of Candice N.'s fitness as a parent and whether termination of her parental rights was in the best interest of her minor children.

On January 10, 1991, the court issued its orders terminating Candice N.'s parental rights to her two children. The orders read in full as follows:

Having considered the testimony, reports, and exhibits, the Court finds by clear and convincing evidence that:

(1) custody has been removed from the parent, Candice N. and placed in the Department of Human Services under M.R.S.A. § 4035; and

(2) termination of parental rights is in the best interests of the child and Candice N. is unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs.

Based upon the above findings, IT IS HEREBY ORDERED pursuant to 22

---

1. 22 M.R.S.A. § 4055 provides, in pertinent part, that a court may terminate parental rights if custody has been removed from the parents and:

(2) The court finds, based on clear and convincing evidence, that:

(a) Termination is in the best interest of the child; and

(b) Either:

(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a

time which is reasonably calculated to meet the child's needs;

(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;

(iii) The child has been abandoned; or

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.

22 M.R.S.A. § 4055 (Pamph.1990).

M.R.S.A. § 4055 that the parental rights of Candice N. are terminated.

Candice N. thereafter filed timely motions requesting the court to make findings of fact and conclusions of law as required by M.R.Civ.P. 52(a). The court denied her motions, stating its findings of fact and conclusions of law in accordance with Rule 52(a) were set out in the January 10 orders.

■ Effective February 15, 1989, the Supreme Judicial Court amended M.R.Civ.P. 52(a) to provide that

in every action for termination of parental rights, the court *shall* make findings of fact and state its conclusions of law thereon *whether or not requested by a party.*

(Emphasis added). The majority of appeals from judgments terminating parental rights are based almost exclusively on a challenge to the factual findings of the trial court. Section 4055 requires that these findings must be supported by clear and convincing evidence. *See also Santosky v. Kramer,* 455 U.S. 745, 747–48, 102 S.Ct. 1388, 1391–92, 71 L.Ed.2d 599 (1982) (due process clause of fourteenth amendment requires that the state prove allegations by "at least" clear and convincing evidence before state may sever completely and irrevocably parental rights). Cognizant of these factors and that "[f]ew forms of state action are both so severe and so irreversible," *Santosky* 455 U.S. at 759, the Supreme Judicial Court has specifically mandated that in cases terminating parental rights the reviewing court can no longer rely on assumed facts but it is necessary that it have specific factual findings of the trial court.

We recognize the desirability that a finite determination be reached without undue delay in all cases involving the termination of parental rights. *See In re Amanda D.,* 549 A.2d 1133, 1135 (Me.1988). *See also* 22 M.R.S.A. § 4006 (Pamph.1990) (appeal from judgment terminating parental rights "shall lie directly to the Supreme Judicial Court sitting as the Law Court"). The achievement of this goal, however, is most readily accomplished by the trial court's compliance with the mandate of Rule 52(a) thereby providing the parties with the necessary tools for a meaningful review and ensuring the integrity of the reviewing process.

■ The three-day hearing in the instant case involved numerous witnesses. The evidence was frequently conflicting as to the issues submitted to the court for its determination. The trial court's order with the findings contained therein did no more than recite the language of the statute governing the termination of parental rights. *See* 22 M.R.S.A. § 4055(1)(B)(2). Because of the absence of specific findings of fact that would inform the parties or this court of the basis of its decision, we vacate the judgment.

The entry is:

Judgments terminating the parental rights of Candice N. to her minor children, Amber B. and Bruce G., vacated.

Remanded to the District Court for further proceedings consistent with the opinion herein.

All concurring.