1997 ME 48

### In re KENNETH H.

Supreme Judicial Court of Maine.

Argued March 3, 1997.

Decided March 18, 1997.

John L. Carver, Clark D. Kimball (orally), John L. Carver, P.A., Belfast, for appellant.

Joseph W. Baiungo (orally), Blake, Hazard & Baiungo, Belfast, for appellees.

Lee Woodward, Jr., Belfast, Guardian ad litem.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

PER CURIAM.

[¶ 1] The father of Kenneth H. appeals from the judgment entered in the Waldo County Probate Court (*Woodcock, J.*) terminating his parental rights for the purpose of Kenneth's adoption by his mother's present husband. He contends, *inter alia*, that the court did not make the necessary findings of fact required by M.R.Prob.P. 52.[1] We agree, and we vacate the judgment.

[¶ 2] The court's "Findings of Fact" consisted of the following two paragraphs:

1. The Court finds, based on clear and convincing evidence, that [the father] is

---

1. M.R.Prob.P. 52 provides that "Rule 52 of the Maine Rules of Civil Procedure governs procedure in all formal probate and civil proceedings in the Probate Courts, so far as applicable."

M.R.Civ.P. 52(a) provides, in pertinent part, that "in every action for termination of parental rights, the court shall make findings of fact and state its conclusions of law thereon *whether or not requested by a party.*" (Emphasis added).

unable to take responsibility for the child, Kenneth H[.], within a time which is reasonably calculated to meet the child's needs; and

2. The Court finds, based on clear and convincing evidence, that termination of the parental rights of [the father] in regard to Kenneth H[.] is in the best interest of the child.

[¶ 3] The court also included a thirteen-page synopsis of the trial testimony. The court did not make any findings of fact based on the testimony; rather, the court summarized the testimony in chronological order and then stated as its "findings of fact" a near-verbatim recitation of the language of 22 M.R.S.A. § 4055(B) (1992).[2]

[¶ 4] As we stated in *In re Amber B.*, 597 A.2d 937, 938 (Me.1991):

> We recognize the desirability that a finite determination be reached without undue delay in all cases involving the termination of parental rights. *See In re Amanda D.*, 549 A.2d 1133, 1135 (Me.1988). *See also* 22 M.R.S.A. § 4006 (Pamph.1990) (appeal from judgment terminating parental rights 'shall lie directly to the Supreme Judicial Court sitting as the Law Court'). The achievement of this goal, however, is most readily accomplished by the trial court's compliance with the mandate of Rule 52(a) thereby providing the parties with the necessary tools for a meaningful review and ensuring the integrity of the reviewing process.

[¶ 5] The Probate Court in the instant matter has not provided any findings of fact that would permit judicial review. Our review of parental rights termination cases is limited, and we will affirm a judgment on appeal "if any evidence in the record can rationally be read to establish as highly probable the [court's] factual conclusion that [the parent] is unwilling or unable to take responsibility for [the child] within a time to meet their needs." *In re Chesley B.*, 499 A.2d 137, 139 (Me.1985). Without an indication as to what evidence the court relied on in its order, we are unable to undertake appellate review "[b]ecause of the absence of specific findings of fact that would inform the parties or this court of the basis of its decision." *In re Amber B.*, 597 A.2d at 938. Accordingly, we must vacate the judgment of the Probate Court and remand for the findings of fact required by Rule 52(a).

[¶ 6] The father also contends that the court erred in its application of the statutory grounds for termination of parental rights stated in 22 M.R.S.A. § 4055 when it stated "the child is entitled to a stable home environment—one that will give him love, affection, nurturing, caring along with a fair measure of the materials things of life." We presume that the court did not base its decision on the comparison wealth of the father and the adopting father. On remand, however, the court should make clear on which subsection of the applicable statute its decision rests.[3]

**2.** 22 M.R.S.A. § 4055(B) provides, in pertinent part, that the court may order termination of parental rights if a petition for adoption has been filed and

   (2) The court finds, based on clear and convincing evidence, that:
   (a) Termination is in the best interest of the child; and
   (b)

   .    .    .    .    .

   (ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs.

**3.** When a petition for termination of parental rights is filed as part of an adoption proceeding, the court may order termination of parental rights pursuant to 22 M.R.S.A. § 4055 if:
   (B) Either:

(1) The parent consents to the termination. Consent shall be written and voluntarily and knowingly executed in court before a judge. The judge shall explain the effects of a termination order; or
(2) The court finds, based on clear and convincing evidence, that:
(a) Termination is in the best interest of the child; and
(b) Either:
(i) The parent is unwilling or unable to protect the child from jeopardy and these circumstances are unlikely to change within a time which is reasonably calculated to meet the child's needs;
(ii) The parent has been unwilling or unable to take responsibility for the child within a time which is reasonably calculated to meet the child's needs;
(iii) The child has been abandoned; or

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

(iv) The parent has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to section 4041.