Kenneth W. Fredette, Esq., Newport, for appellant.

Lawrence A. Lunn, Esq., Hall & Lunn, Bangor, for appellees.

Randy G. Day, Esq., Garland, Guardian ad Litem.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

2001 ME 31

**In re DYLAN B.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 11, 2001.
Decided: Feb. 9, 2001.

[¶ 1] Dylan's paternal grandparents petitioned for termination of the parental rights of Dylan's father and mother as part of their adoption petition. The Penobscot County Probate Court (*Woodcock, J* .) entered a default judgment against the father. After a hearing, the court entered a judgment against the mother on the grounds that the mother is unwilling or unable to take responsibility for Dylan within a time reasonably calculated to meet Dylan's needs and termination is in Dylan's best interest. The mother appeals the judgment terminating her parental rights on the ground that the court lacked sufficient evidence to support its conclusions. Because there is no recording or transcript of the termination hearing, we vacate the judgment and remand for a recorded hearing.

[¶ 2] A petition for termination of parental rights may be brought as part of an adoption petition. 18–A M.R.S.A. § 9–204(a) (1998). The termination petition "is subject to the provisions of Title 22, chapter 1071, subchapter VI [22 M.R.S.A. §§ 4050–4058 (1992 & Supp.2000) ]." 18–A M.R.S.A. § 9–204(b) (Supp.2000). We have also construed some provisions of

subchapter I of the Child and Family Services and Child Protection Act, 22 M.R.S.A. §§ 4001 to 4010–A (1992 & Supp. 2000), to apply in a termination proceeding brought as part of an adoption petition in the Probate Court. *See In re Shane T.*, 544 A.2d 1295 (Me.1988) (applying 22 M.R.S.A. § 4007(2)-(3) (1992), which establishes the right of a court to interview a child witness and to order mental or physical evaluations pursuant to M.R. Civ. P. 35); *see also In re Hope H.*, 541 A.2d 165, 167 (Me.1988) (citing 22 M.R.S.A. § 4002(10)(B) (1992) as establishing symptoms evidencing jeopardy).

[¶ 3] According to 22 M.R.S.A. § 4007(1) (1992), "[a]ll the [child protection] proceedings shall be recorded." The definition of a child protection proceeding includes "a proceeding on a termination petition under subchapter VI ...." 22 M.R.S.A. § 4002(3) (1992). Because this termination proceeding was subject to the provisions of subchapter VI, a recording was mandatory. We must remand this case for a recorded hearing that will produce a record sufficient for our review. Without a more complete record, we cannot address the mother's contentions on appeal. For instance, we cannot, on the basis of the current record, review the mother's claim that the grandparents took advantage of her because she lacked legal representation when she agreed to grant the grandparents temporary guardianship, when she defended against a protection from abuse order filed against her, and when . she agreed to grant permanent guardianship to the grandparents. The mother's right to be assisted by counsel, and, if she qualifies, to be advised of her rights to receive court-appointed counsel, should be addressed in the same manner as in any other termination of parental rights proceeding.

[¶ 4] Furthermore, the court failed to make sufficient findings of fact. As in the case of *In re Kenneth H.*, 1997 ME 48, 690 A.2d 984, the decision issued by the court contains no findings of fact, but in-stead provides merely a synopsis of the testimony offered at trial. *See id.* at 985. "Without an indication as to what evidence the court relied on in its order, we are unable to undertake appellate review '[b]ecause of the absence of specific findings of fact that would inform the parties or this court of the basis of its decision.'" *Id.* (quoting *In re Amber B.*, 597 A.2d 937, 938 (Me.1991)).

The entry is:

Judgment vacated. Remanded to the Probate Court for further proceedings consistent with this opinion.