2006 ME 141

**In re MARIAH B.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 20, 2006.

Decided: Nov. 30, 2006.

Mandi Odier–Fink, Esq., Law Office of Mandi Odier–Fink, P.A., Bangor, for appellee.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. Gen., Geoffrey P. Goodwin, Asst. Atty. Gen., Augusta, for appellee.

Norman S. Kominsky, Esq., Bangor, Guardian ad Litem.

Richard W. Hall, Esq., Hall & Lunn, Bangor, for father.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] The mother of Mariah B. appeals from a judgment of the District Court (Bangor, *Gunther, J.*) terminating her parental rights pursuant to 22 M.R.S. § 4055(1)(B)(2) (2005). The mother contends that her parental rights should not have been terminated because: (1) the Department of Health and Human Services (the Department) failed to make reasonable efforts to rehabilitate and reunify the mother and the child; and (2) the District Court did not make proper findings to support the termination of parental rights. Because the findings entered by the District Court are insufficient to support a termination of parental rights, we vacate and remand for further consideration.

## I. CASE HISTORY

[¶ 2] In this case, the court developed an extensive record regarding the parenting skills and problems of the mother and the father in relation to their two children, a son and Mariah. The record includes evidence of a very chaotic, unsupportive, and unsafe home environment for the children; repeated attempts by the Department to assist the parents in reforming their behavior and improving their parenting skills; and repeated failures of the parents to participate in and follow up with Department plans to support their rehabilitation and reunification. Ultimately, the State petitioned for termination of the parental rights of both parents to both children.

[¶ 3] After a hearing, the court addressed the State's petition for termination of parental rights in an order, with extensive findings attached, which examined separately each parent's situation with regard to each child. In the order, the court declined to terminate the father's parental rights with regard to his son and indicated that rehabilitation and reunification efforts should continue between them. The court also declined to terminate the mother's parental rights with regard to her son,

although the mother had requested such a termination. The court did, however, order that reunification efforts cease as between the mother and her son. No party has appealed the court's order with regard to the son.

[¶ 4] The court terminated the father's parental rights with regard to Mariah, finding that the father did not "have the same parenting involvement and investment with her." The father did not appeal that termination order.

[¶ 5] The mother had requested that the court terminate her parental rights with regard to her son, so she could focus on improving her parenting of Mariah. Thus, the mother opposed termination of her parental rights with regard to Mariah. The court did the reverse, deciding not to terminate the mother's parental rights with regard to her son, but terminating the mother's parental rights to Mariah.

[¶ 6] The court's termination order and its supporting findings regarding Mariah include several points of particular note. First, in addressing termination of the mother's rights, the court found that: "Because of deficiencies in the provision of services to rehabilitate and reunify, for which the Department and the Court share responsibility, this should not be considered an involuntary termination." Despite this finding, it is apparent that the mother did not consent to or voluntarily terminate her parental rights with regard to Mariah, and that she opposed the termination.

[¶ 7] Second, in the findings portion of its decision addressing the termination of the mother's parental rights to Mariah, the court stated, as a finding, a summary of the testimony of two witnesses who "presented evidence which demonstrates clearly that [the mother] is not able to take responsibility for Mariah as well as [the son]." The court further found that "the mother's limitations remain very dangerous." The court also found that the timeframe for rehabilitating to meet Mariah's needs "is immediate" and that the mother "has not progressed to a point where that goal is possible." Beyond these brief factual findings, neither the summary of the witnesses' testimony, nor any other finding, explicitly addressed one or more of the criteria for a finding of unfitness stated in 22 M.R.S. § 4055(1)(B)(2)(b).

[¶ 8] Third, the court's order and findings included no finding, pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), that termination of the mother's parental rights was in the best interest of Mariah.

## II. LEGAL ANALYSIS

[¶ 9] In *In re Scott S.*, 2001 ME 114, ¶¶ 17–22, 775 A.2d 1144, 1150–52, we discussed the importance, in termination of parental rights proceedings, of courts making explicit findings addressing both the parental unfitness and the best interest of the child prerequisites for termination of parental rights. Those findings must be explicitly stated in the court's judgment and may not be inferred from a conclusion terminating parental rights. *See id.* ¶¶ 33–36, 775 A.2d at 1154–55 (insufficiently stated findings are not harmless error from which proper findings may be inferred in a termination of parental rights proceeding).

[¶ 10] The court's unfitness findings, reported as a summary of the evidence, rather than the factual findings of the court, address only the mother's capacity to take responsibility for both children.[1]

---

1. We have stated that in termination of parental rights matters, the trial court should make specific findings on the critical issues and should not present summaries of testimony as

They are not specifically directed to the one child, Mariah. There is no finding, by clear and convincing evidence, that the mother is, or would be, an unfit parent for Mariah according to at least one of the criteria established in section 4055(1)(B)(2)(b), if Mariah were the only child requiring the mother's attention and effort. There is no finding at all that termination of parental rights is in Mariah's best interest, a finding required by section 4055(1)(B)(2)(a). In addition, the court's order terminating the mother's parental rights indicates some uncertainty as to whether or not the court believed that the termination of the mother's parental rights was voluntary.

[¶ 11] With these uncertainties in the record regarding the court's findings, we must remand for the court's review and reconsideration of the termination of the mother's parental rights with regard to Mariah. On remand, the court may, as it deems appropriate, review the evidence and address the required issues on the present record, or it may conduct further hearings prior to addressing the termination of parental rights issue.

The entry is:

The court's termination of the mother's parental rights to Mariah B. is vacated. Remanded for further proceedings consistent with this opinion.

a substitute for specific findings. *In re Kenneth H.,* 1997 ME 48, ¶¶ 2–5, 690 A.2d 984, 984–85.