2007 ME 43

**In re AMANDA H. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 19, 2007.

Decided: March 20, 2007.

Alicia C. Giftos, Lewiston, for appellant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. Gen., David Hathaway, Asst. Atty. Gen., Augusta, for appellee.

Terry Hayes, Buckfield, Guardian ad Litem.

Jeffrey Dolley, Lewiston, for father.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] The mother of Amanda H. and Kevin H. appeals from a judgment of the District Court (Lewiston, *Lawrence, J.*) terminating her parental rights to both children. The mother asserts that the court erred because it failed to explicitly find that the termination was in the best interests of the children. We agree and vacate the judgment.

[¶ 2] In its order terminating the mother's parental rights, the court issued extensive findings and found by clear and convincing evidence three grounds for parental unfitness. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv) (2006). The court, however, did not explicitly find by clear and convincing evidence that termination of the mother's parental rights was in the best interests of the children. *See* 22 M.R.S. § 4055(1)(B)(2)(a) (2006). Rather, the court discussed factual findings that it considered relevant to the children's best interests, as described in 22 M.R.S. § 4055(2) (2006), and recited the guardian ad litem's belief that termination of the mother's parental rights would be in the children's best interests.

[¶ 3] A court may not enter an order terminating parental rights in the absence of an explicitly stated finding, by clear and convincing evidence, that "termination is in the best interest of the child."

*Id.* § 4055(1)(B)(2)(a). This finding cannot be inferred from the court's decision, and the court may not summarize testimony as a substitute for its own specific findings. *In re Mariah B.*, 2006 ME 141, ¶¶ 9, 10 & n. 1, 910 A.2d 401, 403–04. The absence of a critical finding required for a termination of parental rights cannot be characterized as harmless error. *See id.* ¶ 9, 910 A.2d at 403.

[¶ 4] Here, the court did not make an explicit finding that termination was in the children's best interests. Accordingly, we vacate the judgment and remand the matter to the District Court. On remand, the court, in its discretion, may hear from the parties in further argument before deciding whether to terminate the mother's parental rights, and may, if the presentations of the parties warrant it, reopen the record for further fact-finding. Because we vacate the order, we do not address the mother's remaining argument on appeal.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.