MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2017 ME 37
Docket:        Han-16-441
Submitted
  On Briefs:  February 23, 2017
Decided:      March 7, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE AUBREY R.


PER CURIAM

[¶1]  The parents of Aubrey R. appeal from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating their parental rights to Aubrey pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2016).  The mother argues that the court's findings are insufficient to inform the parties of the basis for its determination of parental unfitness and to allow for meaningful appellate review.  She further challenges the sufficiency of the evidence to support the court's findings of unfitness.[1]  We affirm the judgment.

[¶2]  As we have stated, we will not infer factual findings in a termination case.  *In re Amber B.*, 597 A.2d 937, 938 (Me. 1991); *see also* M.R. Civ. P. 52(a) ("[I]n every action for termination of parental rights, the court shall make specific findings of fact and state its conclusions of law

---

[1]  In contrast, the father acknowledges that the court's findings are "detailed and . . . accurate." The father's only argument on appeal—namely, that if the mother's parental rights are restored, his should be as well—is not persuasive, and we do not address it further.

thereon as required by 22 M.R.S. § 4055.").  Rather, the trial court's findings must be sufficient to inform the parties of the basis for the termination decision and to allow for "meaningful review" on appeal.  *In re Amber B.*, 597 A.2d at 938.

[¶3]  Here, the court found that the mother is unable to protect the child from jeopardy or take responsibility for the child in a reasonable time, because, while this case was pending, she continued to associate with unsafe individuals—particularly the father—in violation of the court's jeopardy order and the reunification plan.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii). These findings are sufficient to inform the parties of the basis for the parental unfitness determination and to allow for our review.  *Compare In re David G.*, 659 A.2d 859, 862 (Me. 1995) (stating that findings were sufficient to inform the parties of the basis for the decision even though they "could have been more explicit"), *with In re Dylan B.*, 2001 ME 31, ¶ 4, 766 A.2d 577 (stating that a termination order *that did not include any findings of fact*, but merely summarized the testimony, was insufficient to allow for appellate review).

[¶4]  The mother next challenges the sufficiency of the evidence to support the court's determination that she is unable to protect the child from jeopardy in a reasonable time.  Specifically, she argues that the Department

failed to present evidence that her continued contact with the father would result in "[s]erious harm or [the] *threat of serious harm*" to the child. 22 M.R.S. § 4002(6)(A) (2016) (emphasis added) (defining "jeopardy" for purposes of the child protection statutes, including section 4055(1)(B)(2)(b)(i)); *see also* 22 M.R.S. § 4002(10)(B) (2016) (defining "serious harm" to include "[s]erious mental or emotional injury or impairment which now or in the future is likely to be evidenced by serious mental, behavioral or personality disorder").

[¶5]  Notably, the mother does not appear to challenge the evidence supporting the separate basis of parental unfitness found by the court, that the mother was unable to take responsibility for the child and will not be able to do so in a reasonable time.  The court's determination of that type of unfitness was not erroneous, and we affirm the termination order based on that unchallenged finding.  *See* 22 M.R.S. § 4055(1)(B)(2)(b); *In re K.M.*, 2015 ME 79, ¶ 9, 118 A.3d 812 ("Where the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence." (quotation marks omitted)).

[¶6]  Additionally, contrary to the mother's contention, the court's determination that the mother is also unable to protect the child from jeopardy was based on competent evidence, which demonstrated the threat

4

that the child would suffer serious mental and behavioral issues in the mother's care. *See In re Jazmine L.*, 2004 ME 125, ¶ 15, 861 A.2d 1277 (stating that "when the asserted parental deficit is alleged to cause *emotional* harm . . . the Legislature has required that the existence of the emotional harm or threat of emotional harm be of sufficient severity that, now or in the future, it is 'likely to be *evidenced* by serious mental, behavioral or personality disorder'" (quoting 22 M.R.S. § 4002(10)(B))). That evidence included the following:

- evidence from several witnesses that the father committed acts of domestic violence against the mother to a degree that would jeopardize the child's safety;

- a therapist's testimony that the mother's inability to separate from the father demonstrated that she could not "be counted on to protect [the child]" from exposure to domestic violence and drug abuse, and that if the mother did not "turn around her choice of men," the child would be in a "very unsafe environment" that could lead to future psychological and behavioral problems for the child;

- a clinical psychologist's report stating that the mother had little insight into how her relationships with unsafe individuals might affect the child;

- the guardian ad litem's report stating that "the risk to [the child] is that she will suffer the same developmental trauma [the mother] suffered because [the mother] has not been able to address her own childhood trauma";

- the mother's own testimony that she believes that the father is safe around the child when he is not drinking, which, as the court properly

found, demonstrated the mother's failure to recognize the risk that the father's chronic substance abuse issues pose to the child; and

- the mother's testimony that she maintained contact with the father throughout these proceedings in violation of the court's jeopardy order and the Department's reunification plan even though she knew that losing the child was a likely consequence.

[¶7]  Based on this and other evidence, the court did not err by finding, by clear and convincing evidence, that the mother is unable to protect the child from jeopardy and will not be able to do so in a reasonable time.  *See In re Cameron Z.*, 2016 ME 162, ¶¶ 14, 17, --- A.3d --- (affirming a court's finding of unfitness based, in part, on the mother's unwillingness to end a relationship with the father who himself posed a risk of harm to the children who were the subject of the termination petition).

[¶8]   Further, although not challenged by the mother on appeal, the court's finding that termination is in the child's best interest does not reflect any error or abuse of discretion.  *See id.* ¶ 16; 22 M.R.S. § 4055(1)(B)(2)(a).

The entry is:

Judgment affirmed.

Robert Van Horn, Esq., Van Horn Law Office, Ellsworth, for appellant mother

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2014-28
FOR CLERK REFERENCE ONLY