MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2024 ME 1
Docket:         Pen-23-81
Submitted
  On Briefs:    September 27, 2023
Decided:        January 9, 2024

Panel:          STANFILL, C.J., and MEAD, JABAR, CONNORS, LAWRENCE, and DOUGLAS, JJ.


IN RE CHILDREN OF BILLIE S.


DOUGLAS, J.

[¶] Billie S. appeals from a judgment of the District Court (Bangor, *Roberts, J.*) terminating her parental rights to her children pursuant to 22 M.R.S. § 4055(1)(B)(2) (2023). The mother contends that the judgment does not make adequate, independent findings of fact to support termination. We agree and vacate the judgment.

[¶2] The sole witness at the March 2, 2023, hearing on the petition for termination of parental rights[1] was the Department of Health and Human Services caseworker, who had just been assigned to the case two months earlier. The caseworker testified that she had reviewed the case file, had spoken with her supervisor as well as with the caseworker previously assigned

---

[1] The mother failed to appear at the hearing. Her counsel's motion to continue the hearing was denied because the mother had notice of the hearing and no reason was offered to account for her absence.

2

to the case, and had reviewed the petitions for termination that were prepared and filed in June 2021 by the previous caseworker. She also testified that she had reviewed specifically paragraph nine of each petition[2] (which summarizes the facts alleged in support of termination) and believed their contents still to be true to the best of her knowledge.

[¶3] Counsel for the Department requested that the court take "judicial notice" of paragraph nine of each petition "relative to the mother, relative to the father of [the older child],[3] and relative to the best interests in light of the direct testimony of the same effect subject, of course, to cross."[4] There was no objection, and counsel for each parent and the guardian ad litem affirmatively agreed with this request. Following cross-examination of the caseworker by the parents' counsel, the Department rested. With the admission of the reports of the guardian ad litem, the evidence closed.

---

[2] The Department filed two termination petitions because the children had different fathers. The father of the younger child is deceased. The parental rights of the father of the older child were terminated in this matter, and he did not appeal.

[3] Here, counsel for the Department had mistakenly referred to the younger child by name, however, it is clear from the record that he was referring to the older child.

[4] The mother further contends that the court abused its discretion by taking judicial notice of paragraph nine in each petition because the facts set out therein are "subject to reasonable dispute." M.R. Evid. 201(b). Because we determine that the judgment does not set out adequate factual findings, we decline to address this and other issues the appeal raises. *See In re Kenneth H.,* 1997 ME 48, ¶ 5, 690 A.2d 984 (noting that effective appellate review requires "specific findings of fact that would inform the parties or this [C]ourt of the basis of [the trial court's] decision") (quoting *In re Amber B.*, 597 A.2d 937, 938 (Me. 1991)).

[¶4]   Ruling from the bench, the court said that it had "reviewed Paragraph 9 and the petition that was admitted into evidence, heard the testimony of the caseworker, and . . . reviewed [the two latest guardian ad litem reports]," and found on the basis of that evidence

> that the parents are unwilling or [un]able to protect the children from jeopardy, and those circumstances are unlikely to change within a . . . time reasonably calculated to meet the [children's] needs.  They are unwilling or unable to take responsibility for the . . . children within the time reasonably calculated to meet the children's needs.  I'm not going to find abandonment.  And in terms of [the mother], of course, I'm also not going to find that she's failed to make a good faith effort to rehabilitate and reunify . . . . I further find that termination is in the children's best interest, and I will sign an order once [the Department has] prepared it . . . .

At the court's request, the Department's counsel subsequently submitted a proposed order of termination of the mother's parental rights to the children.[5]

[¶5]   The proposed order submitted by the Department indicated a finding by clear and convincing evidence that the mother "is unwilling or unable to protect the [children] from jeopardy and these circumstances are unlikely to change within a time calculated to meet the [children's] needs" and "that it is in the [children's] best interest[s] that [her] parental rights be terminated."[6]  In

---

[5]  The proposed order also terminated the parental rights of the father of the older child.

[6]  The proposed order (which consisted of court form PC-036 filled in by counsel) deviated from the court's ruling from the bench, however, in two respects.  First, the box indicating a finding of

the section on the form order entitled "Specific Findings," the following was written:

> See ¶ 9 of both petitions re: [the mother]
> ¶ 9 of [the older child's] petition re: [the father]
> ¶ 9 of both petitions re: best interests
> See GAL reports
> See also testimony of caseworker.

The order was issued on March 20, 2023. The mother filed a timely appeal. M.R. App. R. 2B(c)(1).

[¶6] Although couched at times in terms of a challenge to the sufficiency of the evidence, the focus of the mother's challenge on appeal is on the adequacy and form of the judgment's findings of fact. Thus, she contends that the judgment lacks independent, specific facts to support the ultimate findings as to parental unfitness and best interests of the children, and instead incorporates in full a paragraph of the termination petitions, the guardian ad litem reports, and the entirety of the caseworker's testimony.

---

abandonment was checked, even though the court had expressly ruled from the bench that "I'm not going to find abandonment" as to the mother. Second, the box indicating a finding that the parent is unwilling or unable to take responsibility for the children within a time reasonably calculated to meet the children's needs was not checked, despite the court's contrary finding from the bench with respect to the mother. Counsel preparing a proposed order at the direction of the court should make every effort to ensure that the proposed order submitted to the court reflects the rulings from the bench.

[¶7]   A judgment terminating parental rights must set forth specific, independently made findings of fact.  *In re David G.*, 659 A.2d 859, 862-63 (Me. 1995); *see also* M.R. Civ. P. 52(a) ("[I]n every action for termination of parental rights, the court shall make *specific findings of fact* and state its conclusions of law . . . as required by 22 M.R.S. § 4055." (emphasis added)).  It must contain more than "merely a synopsis" of testimony or evidence and a recitation of the elements of 22 M.R.S. § 4055.  *In re Dylan B.,* 2001 ME 31, ¶ 4, 766 A.2d 577; *see also In re Kenneth H.,* 1997 ME 48, ¶ 3, 690 A.2d 984 (concluding that a synopsis of trial testimony and "near-verbatim recitation" of section 4055(B)'s language were inadequate as findings); *In re Amber B.,* 597 A.2d 937, 937-38 (Me. 1991) (holding findings of fact merely referencing the statutory elements to be inadequate).  Moreover, "we will not infer factual findings in a termination case" when adequacy of the findings is the issue presented.  *In re Aubrey R.,* 2017 ME 37, ¶ 2-3, 157 A.3d 212.

[¶8]  Here, the judgment recites the court's ultimate findings with respect to the applicable statutory elements and then incorporates as its "specific findings" entire portions of the record evidence—the guardian ad litem reports, all trial testimony, and paragraph nine of each petition.  These are not "specific findings of fact" required by Rule 52(a) or our prior decisions.  They do not

reflect an independent articulation of the particular facts forming the basis of the court's reasons in support of its ultimate findings regarding the mother's parental unfitness or the children's best interests.[7]  Because the judgment lacks adequate findings that would sufficiently inform the mother and this Court of the basis of the court's decision, we must vacate the judgment.

The entry is:

> Judgment vacated.  Remanded to the District
> Court for further proceedings consistent with
> this opinion.

---

Neil J. Prendergast, Esq., Fort Kent, for appellant mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Bangor, for appellee Department of Health and Human Services

Bangor District Court docket numbers PC-2020-58 and PC-2020-59
FOR CLERK REFERENCE ONLY

---

[7]  The difficulty of appellate review due to lack of specific findings is further compounded here by contradictions reflected in portions of the incorporated testimony and reports.  As one example, the March 2, 2023, report of the guardian ad litem states that "[t]he visits [that] did occur went well" and that the mother "interacted well and appropriately with the children."  The caseworker, on the other hand, testified that visits "go okay" and that there were "some concerns about [the mother's] ability to be appropriate in her conversations with [the children]."