MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 18
Docket:      Han-16-264
Submitted
  On Briefs:  November 29, 2016
Decided:     January 26, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CAMERON B.


SAUFLEY, C.J.

[¶1]  The mother and the father of Cameron B. appeal from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating their parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2) (2016).  They contend that the court should have ordered a permanency guardianship instead of terminating their parental rights.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   In January 2014, when Cameron was ten months old, the Department of Health and Human Services filed a petition for a child protection order because of the parents' neglect and the threat of neglect due to their substance abuse.  On February 3, 2014, the Department sought and obtained a preliminary protection order placing the child in the Department's custody after the Department alleged that the child was found alone in a car with the

parents in contravention of a safety plan. The child was placed in foster care with the father's uncle and the uncle's wife on the same day.

[¶3] By agreement, the court (*Mallonee, J.*) made a finding of jeopardy as to both parents based on their substance abuse. A reunification plan required them to maintain sobriety, refrain from using non-prescribed mood-altering substances, and submit to random drug testing.

[¶4] After the court repeatedly, and unsuccessfully, ordered the parents to comply with drug testing requirements, the Department filed a petition to terminate their parental rights on May 19, 2015. The court denied the petition on August 25, 2015, giving the parents additional time to recover from their addictions. The court admonished the parents for failing to comply with drug testing and warned them that their continued failure to engage in recovery could result in future termination of their parental rights.

[¶5] On January 28, 2016, almost two years after Cameron was placed with his relatives, the Department filed a second petition for termination of the parents' parental rights. The Department alleged that, in addition to both parents' substance abuse, neither was engaged in treatment, they had no stable housing, and they had made "little or no progress" in the five months that had elapsed after the first termination petition was denied.

[¶6]  The second termination hearing was held on April 26 and 29, 2016. The Department caseworker testified that the Department recommended termination because of the child's young age and the risk that the parents would repeatedly bring the matter back into court.  The guardian ad litem (GAL) also recommended termination.   Although she believed that permanency guardianship could also provide permanency for Cameron, she expressed concern about "tension" between the parents and the foster parents.

[¶7]  In a judgment entered on May 17, 2016, the court (*Roberts, J.*) terminated both parents' parental rights to Cameron after making the following findings by clear and convincing evidence. *See In re Hannah S.*, 2016 ME 32, ¶ 3, 133 A.3d 590.  The parents "continually failed" to comply with the drug testing requirement and never tested clean for a period of thirty days.  The Department requested drug tests from both parents on every weekday between January 22, 2016, and March 3, 2016, but neither parent complied.   Permanency was important for the child.  The child had lived with his foster parents for twenty-seven of the thirty-eight months of his life.  The foster parents provided "a loving and stable home" for him and they planned to adopt him.  The parents did not demonstrate a commitment to maintaining a sober lifestyle despite the passage of twenty-nine months.  The court further found that neither parent

was willing and able to protect the child from jeopardy, and those circumstances were unlikely to change within a time reasonably calculated to meet his needs, nor was either parent willing and able to take responsibility for the child within a time reasonably calculated to meet his needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii). To achieve permanency for the child, termination was in his best interest. *See id.* § 4055(1)(B)(2)(a).

[¶8] Both parents appeal from the judgment. *See* 22 M.R.S. § 4006 (2016); M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶9] The parents do not challenge the court's factual findings regarding their lack of capacity for parenting. Instead, they argue that the court erred in terminating their parental rights because the child was placed with relatives who live in the same town and who support visitation. They contend that termination was not in the child's best interest and that the court should have ordered a permanency guardianship instead.

[¶10] Before a court may terminate a parent's parental rights, the court must find at least one ground of parental unfitness—which is uncontested here —and find, "by clear and convincing evidence . . . that termination is in the child's best interest." *In re C.P.,* 2016 ME 18, ¶ 30, 132 A.3d 174; *see also*

22 M.R.S. § 4055(1)(B). We review the trial court's factual findings for clear error and will reverse a finding only "if there is no competent evidence in the record to support it, if the fact-finder clearly misapprehends the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case." *Guardianship of Hailey M.*, 2016 ME 80, ¶ 15, 140 A.3d 478 (quotation marks omitted) (citations omitted). The weight and credibility of the testimony and other evidence, including GAL reports, are for the fact-finder's determination. *See In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105.

[¶11] "With regard to the best interest determination, we review the court's . . . ultimate conclusion for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens." *In re M.B.*, 2013 ME 46, ¶ 37, 65 A.3d 1260 (quotation marks omitted). "The District Court's judgment on the issue of best interest is entitled to substantial deference because that court is able to directly evaluate the testimony of the witnesses." *In re Michaela C.*, 2002 ME 159, ¶ 27, 809 A.2d 1245.

[¶12] As part of a permanency plan, a court may create a permanency guardianship to establish safe, long-term care for a child who is the subject of a child protection proceeding. *See* 22 M.R.S. § 4038-C (2016). When it is

6

appropriate, a permanency guardianship allows parents whose children cannot be returned to them to have a meaningful opportunity to maintain a legal relationship with their children and to have the court determine their rights to have contact with their children. *See id.* The question before the trial court was whether such an arrangement would serve Cameron's best interest in the long term.

[¶13] By the time of the final hearing in this matter, three-year-old Cameron had been in foster care for more than two-thirds of his life. His parents had demonstrated their inability and unwillingness to be meaningfully involved in his life. To achieve permanency, he needed the certainty and stability of adoption. The potential challenges to Cameron's stable home and consistent parenting along with the possible costs and stress on his caretakers were appropriate for the court to consider. The foster parents similarly needed clarity in their role. Any tensions between them and the parents could have created further instability, and, again, were appropriate for the court to consider in this context. Although there is no legal requirement for the foster parents to allow visitation in the future, solidifying their roles as legal parents may enable them to support the parents' continuing to have sober visitation

with the child.[1]  The court did not err or abuse its discretion in determining that termination was in the best interest of the child.

The entry is:

Judgment affirmed.

---

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant mother

Charles Helfrich, Esq., Ellsworth, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2014-03
FOR CLERK REFERENCE ONLY

---

[1] The foster mother testified that even if the parents' rights were terminated, and she adopted the child, she intended to allow them to see him.