MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 157
Docket:        Ken-17-90
Submitted
  On Briefs:   June 29, 2017
Decided:       July 13, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE HAYLIE W. et al.


SAUFLEY, C.J.

[¶1]  The mother of Haylie W. and Lexie W. appeals from a judgment of the District Court (Augusta, *Nale, J.*) terminating her parental rights to the children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (ii), and (iv) (2016).  She challenges the sufficiency of the evidence to support the court's findings that the children cannot wait for permanency and that she failed to make a good faith effort to rehabilitate and reunify.  The mother also argues that the court should have ordered a permanency guardianship instead of terminating her fundamental parental rights.  Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the mother is unable to protect the children from jeopardy or take responsibility for them within a time

2

reasonably calculated to meet their needs, that the mother failed to make a good faith effort to rehabilitate and reunify, and that termination of her parental rights is in the children's best interests. *See id.*; *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based these determinations on findings of fact that include the following:

> The children of mother . . . came into State custody because of mother's serious drug use that jeopardized the health and safety of her two minor children. The mother admits that her drug use made her unable to safely take care of her two children.

> The mother's abuse of crack cocaine, heroin, marijuana, illicit use of Oxycodone, Vicodin, and Percocet, as well as non-prescribed use of Suboxone and Subutex have caused the minor children to be born drug affected and to be exposed to substance abuse throughout their lives.

> The mother was offered services on multiple occasions to help her with the issues that prevented the safe return of her children.

> The Court finds that the mother failed to participate in reunification services offered to her, failed to take advantage of a referral to Family Treatment Drug Court, failed to otherwise engage in services to address her significant substance abuse problem, failed to maintain contact with the Department for the purpose of scheduling month-to-month meetings and scheduling a family team meeting, failed to comply with the Department's requirements for random drug screening, and failed to regularly attend scheduled weekly visits with Haylie and Lexie, mother's minor children.

> The Court finds that these facts were little changed at each Judicial Review Hearing. The Court finds that the testimony of

each of the three caseworkers assigned to help the mother in efforts to rehabilitate and reunite to be very credible. Mother did not engage in the services offered and mother continued to use illegal drugs.

The court finds that the mother understood why her children were removed from her custody and what was required of her to alleviate jeopardy. The Court finds that the mother tried on many occasions to get and stay clean of drugs. She relapsed each time.

The court finds testimony of . . . mother's substance abuse counselor to be credible. [The counselor] believes that mother has continued to relapse. The Court finds that [the counselor] is unable to provide a time frame within which mother might be addiction free. The court finds that [the counselor] believes it is ultimately up to [the mother] as to how successful she will be and how long it may take.

The Court finds that [the counselor] believes that six months of being off drugs is a "Good Start" to recovery. The start time would be the middle of January (last reported use of drugs). . . . The court finds that because of mother's history of relapsing it is very likely that mother's recovery will be one of many months.

The Court finds that [the mother] struggled throughout this case with substance abuse. The rehabilitation and reunification plan made it very clear that substance abuse was a very serious concern and it needed to be addressed. The court finds that all three caseworkers made it very clear to the mother that her substance abuse is a very serious issue and needed her attention. . . .

. . . .

The mother loves her children. The mother is asking for more time and another chance. . . . As this Court has stated on

> many occasions, substance abuse recovery is a marathon, not a sprint. Haylie and Lexie simply cannot wait any longer; they are entitled to permanency now.
>
> . . . .
>
> The court also finds that termination is in the best interest of these two children.

[¶3]  Each of the three independent grounds of parental unfitness that the court found is supported by these findings regarding the effects of the mother's insufficient adherence to substance abuse treatment on her capacity to keep the children safe and take responsibility for them in time to meet their needs.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), (iv); *In re Michaela C.*, 2002 ME 159, ¶ 17, 809 A.2d 1245.  The court did not rush to judgment because of the mother's addictions.  To the contrary, the court specifically found that, after the girls were removed from the mother's care, the mother was offered multiple opportunities to regain sobriety but failed to make the necessary effort to follow through with treatment.

[¶4]  The court's findings also support its determination that the termination of the mother's parental rights—not the creation of a permanency guardianship, which would allow the mother to petition the court for rights of contact or for termination of the guardianship, *see* 22 M.R.S. § 4038-C(3), (6) (2016)—is in the best interest of each of her young children, who have now

been living with their grandmother for almost two years of their young lives and need a safe, permanent home. *See* 22 M.R.S. §§ 4003(4), 4050(2)-(3), 4055(1)(B)(2)(a) (2016); *In re Cameron B.*, 2017 ME 18, ¶¶ 12-13, 154 A.3d 1199; *In re Thomas H.*, 2005 ME 123, ¶¶ 23-30, 889 A.2d 297. The girls are fortunate to have the love and support of their grandmother as the Department moves on with planning a permanent home for the girls. The court did not err or abuse its discretion in terminating the mother's parental rights.

The entry is:

Judgment affirmed.

---

Nathaniel Seth Levy, Esq., Brunswick, for appellant mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Augusta District Court docket number PC-2015-59
FOR CLERK REFERENCE ONLY