MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 203
Docket:        Sag-17-121
Submitted
  On Briefs:   September 27, 2017
Decided:       October 5, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


IN RE KEEGAN M.


PER CURIAM

[¶1]  The parents of Keegan M. appeal from a judgment of the District Court (West Bath, *Mathews, J.*) terminating their parental rights to the child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (b)(ii) (2016). The father challenges the court's factual findings in general,[1] and the mother argues that the Department did not provide the services necessary for her to reunify with the child.  Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2] Based on competent evidence in the record, the court found, by clear and convincing evidence, that the parents were unwilling or unable to protect Keegan from jeopardy within a time reasonably calculated to meet his needs

---

[1]  Counsel for the father filed a brief challenging the court's factual findings but stating counsel's opinion that there was no meritorious basis for the father's appeal.  *See In re M.C.*, 2014 ME 128, ¶¶ 6-7, 104 A.3d 139.  We issued an order permitting the father to file a supplemental brief on his own behalf, but he did not do so.

and were unable to take responsibility for him within a time reasonably calculated to meet his needs, and that termination of each parent's parental rights was in Keegan's best interest. *See id.*; *In re Caleb M.*, 2017 ME 66, ¶ 27, 159 A.3d 345. The court based this determination on the following findings of fact.

[¶3] After the jeopardy court (*Field, J.*) found, in July 2015, that Keegan was in jeopardy due to "unsanitary, unsafe, and unstable living conditions, and lack of supervision," the parents' reunification plans required that they participate in numerous services including psychological evaluations, case management, medication management, and counseling, and that they obtain "safe and stable housing."

[¶4] By the time of the termination hearing, Keegan, then six years old, showed signs of significant recovery from the serious harm he had suffered while in the care of his parents. Regarding the parents' participation in and compliance with the reunification plan, the termination court found as follows:

> Until fall of 2016 [the mother] failed to obtain any counseling, case management services or consistent med management.
>
> . . . .
>
> [The mother] places the blame for her failed performance as it relates to therapy, med management and case management on the Department. The evidence record indicates otherwise. . . . The

> Court does not find [the mother]'s explanation for her failure to comply with the Department's recommendations as credible.
>
> . . . [The father] has not to date participated in any case management, med management or counseling. The Department repeatedly requested [the father] to seek the services at family team meeting and court date conferences but he has failed to comply.

Neither parent has established a safe living environment for Keegan.

> [The mother's] present residential location is a three-bedroom mobile home in which she and her new boyfriend reside with another adult couple. The Department substantiated her new boyfriend for child abuse.
>
> . . . [The father] testified that he cannot meet Keegan's needs for shelter now.

In addition, according to the psychological evaluations and the findings of the court, both parents suffered from serious and untreated mental illnesses that affected their parenting abilities.

[¶5] Immediately after Keegan was originally removed from his parents' care, he showed signs of serious challenges including violent tantrums. Over time, and in the care of his aunt, he now has a chance for a normal, happy life. The court found the following:

> . . . [Keegan] is in need of protection and permanency. Mother has only recently started the treatment process and father has not started. Both parents have untreated mental health issues which interfere with their abilities to protect and care for Keegan within a time reasonably calculated to meet Keegan's needs. Keegan . . . has been placed with his maternal aunt . . . since

February 26, 2015. . . . After the implementation of intensive services, Keegan has made tremendous progress under [his aunt]'s care. Keegan needs predictability and stability in his life if he is to continue on this positive trajectory. By all reports, Keegan is now thriving with [his aunt] and has a strong attachment to her. . . . Keegan deserves and needs a permanent home. The Court finds by clear and convincing evidence that termination of parental rights is in the child's best interests. The permanency plan shall be Adoption.

[¶6] Determinations of the weight and credibility of the witnesses' testimony were for the court to make, and in the absence of clear error we will not disturb those determinations on appeal. *In re Cameron B.*, 2017 ME 18, ¶ 10, 154 A.3d 1199. Contrary to the mother's contentions, her allegation that the Department was to blame for her failure to participate in the various services recommended by the Department was explicitly found by the court not to be credible.

[¶7] The court's supported findings were sufficient for the court to have found at least one ground of parental unfitness, *see In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105; the court adequately explained how the deficits of the parents render each parent unable to meet Keegan's individual needs, *see In re Jazmine L.*, 2004 ME 125, ¶ 16, 861 A.2d 1277; and the court did not err or abuse its discretion in determining that termination of the parents' parental rights,

with a permanency plan of adoption, is in Keegan's best interest. *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Justin W. Andrus, Esq., and Lynn J. Madison, Esq., Andrus Law, LLC, Brunswick, for appellant father

Julian Richter, Esq., Richter Law, LLC, Gardiner, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

West Bath District Court docket number PC-2015-04
FOR CLERK REFERENCE ONLY