MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 205
Docket:        And-17-154
Submitted
  On Briefs:   September 27, 2017
Decided:       October 12, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## IN RE DAMEIN F.

PER CURIAM

[¶1]  The father of Damein F. appeals from a judgment of the District Court (Lewiston, *Dow, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(b)(i)-(ii) (2016).  The father challenges the sufficiency of the evidence to support the judgment.[1]  Because the evidence supports the court's findings, we affirm the judgment.

## I.  BACKGROUND

[¶2]  The court found the following facts, which are supported by competent record evidence, by clear and convincing evidence.  *See In re Caleb M.*, 2017 ME 66, ¶ 27, 159 A.3d 345.

---

[1] The father also argues that he was prejudiced because he was not provided legal counsel until eight months after Damein entered State custody.  While the Child and Family Services and Child Protection Act provides that parents are entitled to legal counsel in child protection proceedings, 22 M.R.S. § 4005(2) (2016), paternity was not established in this case until Damein was almost one year old.  The father was appointed counsel within one week of his motion for appointment of counsel.  In fact, he was granted counsel prior to the court's order of paternity (Lewiston, *Beliveau, J.*).  Because the father was appointed counsel when he was legally entitled to it, we find no error.

2

[¶3]  Damein F. was born on July 13, 2014.  The Department of Health and Human Services (the Department) filed a child protection petition on November 5, 2014.  The court (Lewiston, *Schneider, J.*) entered a preliminary protection order that day, placing Damein in State custody.

[¶4]  For the first year of Damein's life, the father was incarcerated.  He had been unable to post bail on burglary, theft, and other charges related to a crime spree he conducted with Damein's mother in 2014.  After entering into a plea agreement in the Co-Occurring Disorders and Veterans Court (CODVC) on July 14, 2015, the father was released from jail and placed on three years of probation.[2]  The father agreed to a jeopardy order on October 1, 2015.

[¶5]  After the father's release from jail, the Department made reasonable efforts to rehabilitate and reunify father and child,[3] including supervised and unsupervised visitation, drug screening and psychological assessment for the father, and planning for trial placement to begin in late June or early July 2016.  The court found that "[u]nder the structure of the CODVC, the father has done remarkably well.  He seems to have engaged

---

[2]  The court found that the sentence "was the latest in a line of long prison sentences, both state and federal, that have occupied much of the father's adult life.  The father's criminal behavior has been related to drug addiction."

[3]  Damein's mother remained incarcerated at the time of the hearing on the Department's petition for termination of parental rights.  She consented to termination.

earnestly with service providers and sought out additional supports.  He had nearly 34 months clean and sober by the last day of trial."

[¶6]  Despite the father's efforts, in May 2016,

> [a]fter only the second overnight visit [with Damein] . . . [t]he father left the daycare and went directly to the . . . hospital, resulting in a twelve-day psychiatric admission.  The records from that hospital stay indicate that the father was overwhelmed by the combined stressors of substance abuse recovery work and child reunification work. . . .  [H]e returned later in July for another six-day stint for crisis stabilization.

[¶7]  On July 12, 2016, the Department filed a petition to terminate parental rights.  A termination hearing for the father was held on December 14 and 16, 2016, and January 6, 2017.  The guardian ad litem (GAL) recommended termination and believed it to be in the child's best interest.  According to the GAL, the foster family was Damein's "de facto" family and to remove him from them would be detrimental to his emotional well-being.

[¶8]  In its order of termination of parental rights dated March 15, 2017, the court found by clear and convincing evidence that the father "is unfit as a parent to Damein . . . due to his inability to protect the child from jeopardy or take responsibility for him in a time reasonably calculated to meet his needs."  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii).  The court also determined that termination was in the child's best interest.

4

## II. DISCUSSION

[¶9]  The father contends on appeal that the evidence was insufficient to support the court's decision to terminate his parental rights.  "Before a court may terminate a parent's parental rights, the court must find, 'by clear and convincing evidence, at least one ground of parental unfitness . . . and that termination is in the child's best interest.'"[4]  *See In re Caleb M.*, 2017 ME 66, ¶ 27, 159 A.3d 345 (quoting *In re C.P.*, 2016 ME 18, ¶ 30, 132 A.3d 174).

[¶10]  The court found two grounds of parental unfitness.  First, the court found that the father was unable to protect the child from jeopardy and that those circumstances are unlikely to change within a time reasonably calculated to meet the child's needs.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i).  Second, the court found that the father was unable to take responsibility for the child within a time reasonably calculated to meet the child's needs.  *See* 22 M.R.S. § 4055(1)(B)(2)(b)(ii).

[¶11]  The court supported the findings of unfitness with "three areas of serious concern" from the record:

> First is the substantial risk that will be present in the next several months as the father emerges from the structure and support of

---

4  The father does not object to the court's conclusion that termination is in the child's best interest, only that the evidence is insufficient for a finding of unfitness.

the CODVC . . . . At this point, the father is just not ready to take Damein, despite his strong love for the boy.

. . . .

[The hospitalizations] provide[] clear and convincing evidence that the father is unable to take responsibility for the child or protect him from circumstances of jeopardy.

. . . .

The second area of significant concern is the father's relationship with the child's mother . . . . She is not good for the child, and not good for the father. . . . The Court is gravely concerned that the father's progress in recovery and his law-abiding lifestyle will be lost if he reunites with the mother.

The third area of concern is the emotional harm that the child would suffer if he were removed from his foster family at this point. . . . [The father] seems unaware of the profound loss the child would experience and the tremendous care that would have to go into a transition. This lack of awareness of the child's needs rises to the level of jeopardy.

[¶12] These areas of serious concern show that, despite the progress the father has made over the last two years, he is unable, within a time reasonably calculated to meet Damein's needs, to protect Damein from jeopardy or take responsibility for the child. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii); *In re M.B.*, 2013 ME 46, ¶ 39, 65 A.3d 1260. Because the court's findings of unfitness are supported by clear and convincing evidence, and because permanent placement with the foster family

6

with whom Damein has lived since November 2014 would be in the child's best interest, we find no error.

    The entry is:

        Judgment affirmed.

---

Michelle A. Dolley, Esq., Law Office of E. Anne Carton, Brunswick, for appellant father

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2014-77
FOR CLERK REFERENCE ONLY