MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 226
Docket:        Pen-17-290
Submitted
  On Briefs:   November 29, 2017
Decided:       December 7, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

IN RE ZIANNA G. et al.


PER CURIAM

[¶1]  The mother of Zianna G. and Lucas G. appeals from a judgment of the District Court (Bangor, *Campbell, J.*) terminating her parental rights to the children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (b)(ii) (2016).[1]  She challenges the sufficiency of the evidence supporting the court's finding of parental unfitness and the court's finding and discretionary determination that termination is in the best interests of the children.  *See id.* § 4055(1)(B)(2).  Because the evidence supports the court's findings and discretionary determination, we affirm the judgment.

[¶2]  A court may terminate a parent's parental rights if the court finds, by clear and convincing evidence, at least one ground of parental unfitness and that termination is in the children's best interests.  *In re Caleb M.*,

---

[1]  On April 24, 2017, the District Court (Bangor, *Jordan, J.*) held a separate hearing on termination of the father's parental rights.  The father did not appear at the hearing, and the court entered a judgment terminating his parental rights.  The father does not appeal from that judgment.

2017 ME 66, ¶ 27, 159 A.3d 345; *see also* 22 M.R.S. § 4055(1)(B)(2). "We review the trial court's factual findings for clear error and will reverse a finding only if there is no competent evidence in the record to support it, if the fact-finder clearly misapprehends the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case." *In re Cameron B.*, 2017 ME 18, ¶ 10, 154 A.3d 1199 (quotation marks omitted). "The weight and credibility of the testimony and other evidence . . . are for the fact-finder's determination." *Id.*

[¶3]  The trial court may presume that a parent is unfit when

> [t]he child has been placed in the legal custody or care of the department, the parent has a chronic substance abuse problem, and the parent's prognosis indicates that the child will not be able to return to the custody of the parent within a reasonable period of time, considering the child's age and the need for a permanent home.  The fact that a parent has been unable to provide safe care of a child for a period of 9 months due to substance abuse constitutes a chronic substance abuse problem.

22 M.R.S. § 4055(1-A)(C) (2016); *In re Caleb M.*, 2017 ME 66, ¶ 28, 159 A.3d 345; *see In re Evelyn A.*, 2017 ME 182, ¶¶ 29-31, 169 A.3d 914 (discussing the application of section 4055(1-A) in a hearing on a petition to terminate parental rights).

[¶4]  Based on competent evidence in the record, the court found by clear and convincing evidence that the mother was unwilling or unable to

protect the children from jeopardy and to take responsibility for the children within a time reasonably calculated to meet their needs.  The court based this determination on the following supported factual findings:

> Mother has a chronic substance abuse problem.  The children have been in the custody of DHHS since November 30, 2015, almost one and a half years.  Mother has only attended 62% of her counseling appointments with [her substance abuse counselor]. Mother is in a contemplative state regarding her sobriety.  Mother has not made a full commitment to maintaining sobriety.  Mother has not cooperated with DHHS to be tested for drugs.  She has admitted to drinking and using illegal drugs.  There is no reason to believe that Mother is any closer to maintaining sobriety than she was at the beginning of this case.  Mother still has a lot of work to do if she is serious about addressing her substance abuse problem.  Unfortunately, she is out of time.
>
> . . . .
>
> Mother has been inconsistent in virtually all aspects of reunification.  Mother did not follow through with her case manager, who was trying to help Mother access services.  Mother has been inconsistent attending counseling.  Mother has refused to cooperate with drug screening.  Mother has been inconsistent with visitation.
>
> . . . .
>
> Mother is often late for visitation or cancels visitation appointments.  This is very upsetting for the children, particularly Lucas.  It makes Lucas feel as though he is not loved.

[¶5]  Given the mother's untreated and ongoing substance abuse problem and her irregular efforts to engage in reunification services, the court

rationally found, by clear and convincing evidence, that the mother was unable to protect Zianna and Lucas from jeopardy or take responsibility for them in a time reasonably calculated to meet their needs. Contrary to the mother's contention, the mother's testimony—that she has been opiate free since December 2015, that she has not used amphetamines since Christmastime 2016, and that she believes that she no longer has a substance abuse problem—did not compel the court to find that her substance abuse problem is "distant enough that it [does] not pose jeopardy to her children." *See In re I.S.*, 2015 ME 100, ¶ 11, 121 A.3d 105.

[¶6] The court did not clearly err in its finding that termination of the mother's parental rights, with a permanency plan of adoption, was in the children's best interests. Nor did it abuse its discretion in its ultimate conclusion that termination of parental rights is in the children's best interests. *See In re M.B.,* 2013 ME 46, ¶ 37, 65 A.3d 1260; *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

Randy G. Day, Esq., Garland, for appellant mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2015-39
FOR CLERK REFERENCE ONLY