MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:      2018 ME 45
Docket:        Som-17-415
Submitted
  On Briefs:   February 26, 2018
Decided:       April 3, 2018

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## IN RE CHILD OF DANIEL Q.

PER CURIAM

[¶1] Daniel Q. appeals from a judgment of the District Court (Skowhegan, *Fowle, J.*) terminating his parental rights to his child pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (iv) (2017).[1]   After reviewing the record, we conclude that the evidence supports the court's finding of parental unfitness.[2] Accordingly, we affirm the judgment.

[¶2] Based on competent evidence in the record, the court found by clear and convincing evidence that the father (1) is unwilling or unable to protect the child from jeopardy within a time reasonably calculated to meet his needs, and (2) failed to make a good faith effort to rehabilitate and reunify with him. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i), (iv).   "We review the factual findings

---

[1] The mother consented to a termination of her parental rights and is not a party to this appeal.

[2] Although the father does not challenge the court's finding by clear and convincing evidence that termination is in the child's best interest, our review of the record leads us to conclude that the evidence supports that finding as well. *See In re Anastasia M.*, 2017 ME 213, ¶ 2, 172 A.3d 922.

supporting the unfitness determination for clear error," *In re Zarianna C.*, 2018 ME 11, ¶ 2, --- A.3d ---, and "will reverse a finding only if there is no competent evidence in the record to support it, if the fact-finder clearly misapprehends the meaning of the evidence, or if the finding is so contrary to the credible evidence that it does not represent the truth and right of the case," *In re Zianna G.*, 2017 ME 226, ¶ 2, 174 A.3d 889 (quotation marks omitted). "The weight and credibility of the testimony and other evidence are for the fact-finder's determination." *Id.* (alteration and quotation marks omitted).

[¶3]  The court based its determination on the following findings of fact:

In the case of [the child], his entire life has been in the care of persons other than his parents.  The father has made relatively little progress in achieving the skills needed to parent [the child].  He has achieved little to no insight as to the root of his problems with women, and relationships.  He appears to blame all of his difficulties on the women he has been married to.  He pleaded guilty to one domestic violence assault, and was found guilty of another.  He was convicted of violating a protective order, and has had three protective orders lodged against him.  The father is convinced that none of this is his fault, and that his only responsibility is to not . . . engage in relationships with women who will victimize him.

The father has little to no ability to support [the child].  He is not able to provide [the child] with safe, stable housing, and other than learning to access social service agency resources, he has made little progress toward that end.  It is hard to avoid the conclusion by clear and convincing evidence that . . . the father is unwilling or unable to protect the child from jeopardy, and these circumstances are unlikely to change within a time which is reasonably calculated

to meet the child's needs; and that the father has failed to make a good faith effort to rehabilitate and reunify with the child . . . . The Department has devoted considerable resources in their effort to achieve reunification between the father and [the child]. The father has not reciprocated by making any genuine or sustained effort.

[The child] will be eighteen months old by the end of this month. He is in one of the most critical developmental stages of his life. . . . Even if one assumes that the father is prepared to engage in a serious and sustained effort toward reunification (a dubious assumption based upon his lack of insight and lack of effort up until now) . . . [the child] simply does not have that much time to wait, and our jurisprudence strongly suggests that he should not have to wait that long.

[¶4]    Given these findings, all of which are supported by competent evidence in the record, the court did not err in its determination of unfitness. *See In re Zarianna C.*, 2018 ME 11, ¶ 2, --- A.3d ---; *In re Zianna G.*, 2017 ME 226, ¶ 2, 174 A.3d 889.

The entry is:

Judgment affirmed.

---

Harold J. Hainke, Esq., Hainke & Tash, Whitefield, for appellant father

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Skowhegan District Court docket number PC-2016-37
For Clerk Reference Only