MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:     2019 ME 39
Docket:       Pen-18-402
Submitted
  On Briefs: February 20, 2019
Decided:      March 12, 2019

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

# IN RE CHILD OF AMANDA H.

PER CURIAM

[¶1]  Amanda H. appeals from a judgment of the District Court (Bangor, *Jordan, J.*) terminating her parental rights to her child.  22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) (2018).[1]  She argues that the court erred in concluding that she is unfit to parent and that it is in the best interest of the child to terminate her parental rights.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  On April 26, 2017, when the child was three days old, the Department of Health and Human Services filed a child protection petition and a request for a preliminary protection order.  *See* 22 M.R.S. § 4032 (2018). The petition alleged that the mother, who has an extensive history with the

---

[1]  The statute was amended twice during the pendency of this case, but not in any way that affects this appeal.  P.L. 2017, ch. 402, § C-69 (effective July 1, 2019); P.L. 2017, ch. 407, § A-85 (effective Aug. 1, 2018).

Department with her other children, failed to address her untreated mental health issues, was unable to identify and continued to associate with unsafe persons, and maintained an unsanitary home that was hazardous to children. The court (*Lucy, J.*) entered an order transferring custody of the child to the Department on the same day.

[¶3]  On September 28, 2017, the court (*Jordan, J.*) held a jeopardy hearing and, thereafter, issued an order finding jeopardy based, in part, on the mother's past behavior and her untreated mental health issues.  *See* 22 M.R.S. § 4035(1)-(2) (2018).  The Department then petitioned for termination of the mother's parental rights on December 27, 2017.  *See* 22 M.R.S. § 4052 (2018). The court held a two-day hearing[2] on the petition and, on September 19, 2018, found by clear and convincing evidence that the mother is unwilling or unable to protect the child from jeopardy or take responsibility for the child within a time which is reasonably calculated to meet the child's needs and that termination of the mother's parental rights is in the best interest of the child. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii).

---

[2]  The father consented to termination of his parental rights on the first day of the hearing and is not a party in this appeal.

[¶4]  The court based its decision on the following factual findings, all of which are supported by competent evidence in the record.

> [The mother] does not take responsibility for her conduct. She repeatedly blames others for her situation.  She also does not seem to recognize unsafe individuals . . . which is supported by the numerous protection from abuse and protection from harassment complaints she has filed against various people.
>
> . . . .
>
> . . . [The mother] has never acknowledged being an unsafe parent.
>
> . . . .
>
> . . . [U]ntil recently, [the mother's] life was chaotic.  Her involvement with unsafe people and her extremely filthy housing continued. . . . [T]he combination of [the mother's] untreated mental health problems and low intellectual functioning have rendered her unable to correct the jeopardy regarding her child. . . . [T]he evidence is clear and convincing that those same circumstances are what lead to the jeopardous situation.
>
> [The mother] has apparently made some progress regarding her living conditions and has been receiving mental health treatment.  However, the Court finds by clear and convincing evidence that her progress is too little and comes too late for the Court to allow more time to pass before [the child] gets the permanency [the child] deserves and is entitled to under law.

Although sparse, these findings were sufficient to "inform the parties and this Court of the basis of the court's decision."  *In re David G.*, 659 A.2d 859, 862 (Me. 1995)*.*  Nonetheless, because much of the judgment consisted of a

4

recitation of the testimony and evidence, we take this opportunity to again "reiterate the necessity of trial courts making specific findings of fact in judgments terminating parental rights." *In re Sara K.*, 611 A.2d 71, 74 (Me. 1992)*; see also Adoption of Shayleigh S.*, 2018 ME 165, ¶ 3, 198 A.3d 791. "Because a court's findings will be affirmed on appeal if they are supported by any evidence in the record, the recitation of testimony in a judgment is unnecessary and could be viewed as limiting the support for certain findings to the recited testimony. If a court accepts a fact stated in testimony and the fact is important to the judgment, it is best stated as an affirmative finding rather than as a reference to testimony." *Adoption of Shayleigh S.*, 2018 ME 165, ¶ 3, 198 A.3d 791 (citation omitted).

## II. DISCUSSION

[¶5] Based on the court's actual findings, all of which have evidentiary support, the court did not err in determining that, despite the mother's efforts, she is unable to protect her child from jeopardy or take responsibility for the child within a time that is reasonably calculated to meet the child's needs. 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii); *In re Thomas D.*, 2004 ME 104, ¶ 21, 854 A.2d 195. The mother's arguments, many of which address the weight of the evidence and the credibility of witnesses, are unavailing. *See In re Child of*

*Daniel Q.*, 2018 ME 45, ¶ 2, 182 A.3d 735. There was competent evidence in the record to support the court's determination of parental unfitness, including the mother's extensive history of mental health issues and the termination of her parental rights to her other children. *See In re Kafia M.*, 1999 ME 195, ¶ 12, 742 A.2d 919 ("While our inquiry as to ability to protect from jeopardy is prospective, the evidence we consider is retrospective."); *In re David W.,* 568 A.2d 513, 515 (Me. 1990) (a finding of jeopardy as to one child can be based on evidence of a parent's actions toward another child); *see also* 22 M.R.S. § 4055(1-A)(D) (2018). Although the mother has made some progress in recent months prior to the termination, the court did not err in concluding that her progress is "too little and comes too late" for her child. *See In re Child of Eric K.*, 2018 ME 32, ¶ 3, 180 A.3d 666 (noting that "the time frame which the court is gauging must be seen from the child's perspective") (quotation marks omitted)). Moreover, the court did not err or abuse its discretion in determining that the termination of the mother's parental rights was in her child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297. Title 22 favors permanency; the court, therefore, did not err in concluding that the termination of the mother's

parental rights to allow the child to achieve some permanency was in the child's best interest. *See id.* ¶ 23; 22 M.R.S. § 4050 (2018).

The entry is:

Judgment affirmed.

---

Robert E. Meggison, Esq., Belfast, for appellant mother

Janet T. Mills, Esq., and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services