MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 63
Docket:      Pen-19-496
Submitted
  On Briefs:  May 4, 2020
Decided:     May 12, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## IN RE CHILD OF JESSICA C.

PER CURIAM

[¶1]   Jessica C. appeals from a judgment of the District Court (Bangor, *Jordan, J.*) terminating her parental rights to her child. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) (2020).   The mother argues that the court's findings of parental unfitness and best interest are not supported by sufficient evidence and that its ultimate determination of the child's best interest constituted an abuse of discretion.   We affirm the judgment.

## I.  BACKGROUND

[¶2]  On May 2, 2017, when the child was just over one month old, the Department of Health and Human Services filed a petition for a child protection order. *See* 22 M.R.S. § 4032 (2020).  In November 2017, a jeopardy order was issued only in relation to the father, but in January 2018, the Department amended its petition to allege jeopardy against the mother due to concerns of substance use, untreated mental health issues, and unstable living conditions.

After the child's father passed away due to a drug overdose, the Department filed an affidavit in support of a preliminary child protection order. *See* 22 M.R.S. § 4034 (2020). In July 2018, the court granted the preliminary protection order, temporarily removing the child from the mother's custody and placing him in the Department's custody. *See* 22 M.R.S. §§ 4034(2), 4036(1)(F) (2020). The child was placed with a relative and has resided there since July 2018. In August 2018, the mother appeared at a summary preliminary hearing (*Campbell, J.*), at which she waived her right to contest the temporary order. *See id.* § 4034(4).

[¶3] In December 2018, the mother agreed to a jeopardy order (*Jordan, J.*), which required her to engage in rehabilitation and reunification services.[1] In March 2019, when the child was two years old, the Department filed a petition to terminate the mother's parental rights. *See* 22 M.R.S. § 4052 (2020). After a one-day hearing on November 19, 2019, *see* 22 M.R.S. § 4054 (2020), the court entered a judgment terminating the mother's parental rights to the child.

[¶4] The following findings by the court are supported by competent evidence in the record. *See In re Child of Corey B.*, 2020 ME 3, ¶ 3, 223 A.3d 462.

---

[1] The jeopardy order included both of the mother's children, but only one child is involved in this appeal; custody of the other child was granted to that child's father.

[The child] has been in State custody since July 26, 2018, for a present total of sixteen (16) months. The Court finds that the mother has not progressed from her initial situation in July of 2018. Although she made some progress originally, she has regressed for a number of months. Given the mother's history, the Court concludes that it would take many months more to possibly correct and stabilize[] her situation such that the child could be returned to her care. [The child] cannot and should not have to wait for his mother to possibly do better.

The Court finds that [the mother] has repeatedly made excuses about her conduct and promises to change throughout the life of this case. She now promises the Court she will do much better if given a few more month[s] to prove herself. The Court finds that her explanations of her failures to this point as deriving from a combination of being badly affected by the trauma of finding [the child's] father dead from an overdose and her need to work to support herself taking up a lot of her time to be insufficient.

The Court finds that [the mother's] contact with the child has been sporadic. She has not attended or been involved with consistent mental health and substance abuse counseling. The Court finds that it would be unfair to [the child] and harmful to him to continue exposing him to her unpredictable and neglectful behavior.

[¶5] The court found that the State had proved by clear and convincing evidence that the mother was an unfit parent on two statutory grounds, namely that the mother was unwilling or unable to protect the child from jeopardy and that she had been unwilling or unable to take responsibility for the child within a time reasonably calculated to meet his needs. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(ii). The court then determined that termination of the

4

mother's parental rights was in the child's best interest. *See id.* § 4055(1)(B)(2)(a).

## II. DISCUSSION

[¶6] In order to terminate a parent's rights without consent, the trial court must find, by clear and convincing evidence, at least one of the statutory bases for parental unfitness and that termination is in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2) (2020); *In re Child of Sherri Y.*, 2019 ME 162, ¶ 5, 221 A.3d 120. We review these factual findings for clear error and will uphold the findings so long as any competent record evidence supports them. *In re Child of Sherri Y.*, 2019 ME 162, ¶ 5, 221 A.3d 120. Clear and convincing evidence exists where "the court could reasonably have been persuaded that the required factual findings were proved to be highly probable." *Id.* (quotation marks omitted).

[¶7] Regarding the court's unfitness findings, the mother contends that the Department failed to present clear and convincing evidence that she was an unfit parent because it relied on the *absence* of evidence of drug screens and signed releases of records. We conclude that the court's unfitness findings were supported by clear and convincing evidence, including testimony from the guardian ad litem, the caseworker, and the mother's counselor, which indicated

that the mother had failed to make sufficient progress over the course of the sixteen months that the child was in the Department's custody. Further, in evaluating conflicting evidence, the court was entitled to find that the mother's testimony was not credible on a number of counts. *See In re Children of Tiyonie R.*, 2019 ME 34, ¶ 6, 203 A.3d 824 ("Although the mother offered contradictory evidence regarding her fitness as a parent, the weight and credibility of that evidence was for the trial court's determination.").

[¶8] We review the court's ultimate determination of best interest for an abuse of discretion and its underlying factual findings for clear error. *See In re Child of Corey B.*, 2020 ME 3, ¶ 9, 223 A.3d 462. In determining a child's best interest, the trial court considers factors including "the needs of the child, the child's age, attachment to relevant persons, periods of attachment and separation, ability to integrate into substitute placement or back into the parent's home, and the child's physical and emotional needs." *In re Child of Sherri Y.*, 2019 ME 162, ¶ 8, 221 A.3d 120 (quotation marks and alteration omitted); *see* 22 M.R.S. § 4055(2) (2020). The court's findings concerning these best interest considerations were supported by record evidence, such as evidence regarding the child's very young age, the fact that he had been in the

Department's custody for the latter half of his life, and his anxiety when the mother would schedule a visit and then fail to attend.

[¶9]  In addition, the court heard evidence demonstrating that the child benefitted from the relative's care.  *See In re Kenneth S.*, 2017 ME 45, ¶ 6, 157 A.3d 244 (observing that, although the question of who should adopt the child is separate from a termination proceeding, "in conducting a best interest analysis, the court may consider evidence that the current foster placement is furthering the child's permanency plan, especially where that plan is to place the child for adoption").  The mother contends that, in conducting its best interest analysis, the court did not properly consider a permanency guardianship with the relative as an alternative to termination and adoption. We discern no abuse of discretion in the court's determination.  *See In re Cameron B.*, 2017 ME 18, ¶¶ 11-13, 154 A.3d 1199.  The court was entitled to rely on the guardian ad litem's opinion that due to the child's young age, the certainty of adoption was in the child's best interest and preferable to a permanency guardianship. *See In re Haylie W.*, 2017 ME 157, ¶ 4, 167 A.3d 576.

The entry is:

Judgment affirmed.

Amy McNally, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant Mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Bangor District Court docket number PC-2017-56
FOR CLERK REFERENCE ONLY