MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2025 ME 16
Docket:          Oxf-24-190
Submitted
  On Briefs:     December 30, 2024
Decided:         February 11, 2025

Panel:           STANFILL, C.J., and MEAD, HORTON, and DOUGLAS, JJ.


IN RE CHILD OF CHRISTIAN D.


DOUGLAS, J.

[¶1]  Christian D., the father of a three-year-old child, appeals from a judgment by the District Court (South Paris, *Mohlar, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055 (2024).  We affirm the judgment.

[¶2]  The appeal raises several grounds[1] but we focus principally upon one—the father's contention that the trial court abused its discretion by

---

[1]  In addition to the ground that we discuss, the father argues that the court erred in finding that he was unfit as a parent because "the record fails to disclose competent evidence to support the findings" and because "in multiple circumstances, the trial court's findings are flatly contradicted by the record evidence."  We find these contentions to be without merit.  Reviewing the record for clear error, s*ee In re Child of Quincy A.*, 2023 ME 49, ¶ 10, 300 A.3d 832, there is competent record evidence to support findings of parental unfitness by clear and convincing evidence on the three grounds in 22 M.R.S. § 4055(1)(B)(2)(b)(i), (ii), and (iv) on which the court relied.  *See In re Hope H.*, 2017 ME 198, ¶ 10, 170 A.3d 813 ("Marginal progress toward reunification and a simple desire to remain parents is not enough to ameliorate jeopardy and meet the children's needs."); *In re Damein F.*, 2017 ME 205, ¶ 12, 171 A.3d 1149 (affirming the court's finding of unfitness despite the father's progress because he was unable, within a time reasonably calculated to meet the child's needs, to protect the child from jeopardy or take responsibility for the child); *In re Alana S.*, 2002 ME 126, ¶¶ 13, 21–23, 802 A.2d 976 (affirming termination despite the parents' significant progress toward reunification where full reunification was not possible in the foreseeable future).  Moreover, the existence of conflicting or contrary evidence in the record does not negate the court's findings, provided that they are supported by competent evidence.  *See In re Children of Tiyonie,* 2019 ME 34, ¶ 6, 203 A.3d 824 ("Although the mother offered contradictory evidence regarding her fitness as a parent, the weight and credibility of that evidence was for the trial court's determination."); *Amero v. Amero,*  2016 ME

2

(i) failing to make specific findings of fact as required by M.R. Civ. P. 52(a) to support its determination that termination of his parental rights was in the child's best interest under 22 M.R.S. § 4055(1) and (ii) not adequately considering the option of permanency guardianship as "the best way to effectuate permanency for the child."

[¶3] Specifically, he contends that the court made only "generalized findings" in support of its judgment and because M.R. Civ. P. 52(a) expressly requires "specific findings of fact" in actions for termination of parental rights, "this Court cannot rely on any inference or 'assumed facts' that the trial court appropriately considered a permanency guardianship in lieu of termination and adoption," even where, as here, a motion for additional findings of fact pursuant to M.R. Civ. P 52(b) was not made.

[¶4] "We review the court's ultimate conclusion regarding the best interest of the child for an abuse of discretion, viewing the facts, and the weight to be given [to] them, through the trial court's lens." *In re Children of Jason C.*, 2020 ME 86, ¶ 10, 236 A.3d 438 (quotation marks omitted). We also review

150, ¶ 6, 149 A.3d 535 ("We will not overturn a factual finding 'simply because an alternative finding also finds support in the evidence, and we defer to the trial court's determination of the witnesses' credibility and its resolution of conflicts in testimony.'" (citation and alternations omitted)). We also find the father's constitutional arguments unpersuasive.

the determination regarding the appropriateness of a permanency guardianship for an abuse of discretion. *In re Child of Danielle F.*, 2019 ME 65, ¶ 8, 207 A.3d 1193. The court's assessment of the evidence "is entitled to substantial deference because [it] is able to directly evaluate the testimony of the witnesses." *In re Cameron B.*, 2017 ME 18, ¶ 11, 154 A.3d 1199 (quotation marks omitted).

[¶5] We conclude that the court properly exercised its discretion, and the record supports the court's ultimate findings that termination of the father's parental rights and adoption are in the best interest of the child. Further, we reject the father's argument that Rule 52(a)'s mandate for specific findings of fact in actions for termination of parental rights precludes our reliance on inferences or implicit findings reasonably drawn from the record to support the judgment.

[¶6] Rule 52(a) requires that "in every action for termination of parental rights, the court shall make specific findings of fact and state its conclusions of law thereon as required by 22 M.R.S. § 4055." M.R. Civ. P. 52(a). This requirement reinforces and makes express that, in light of the importance of the rights at stake in such proceedings, a trial court "must set forth specific, independently made findings of fact" in support of its judgment. *In re Children*

*of Billie S.*, 2024 ME 1, ¶¶ 7-8, 307 A.3d 1046 (holding that a judgment merely incorporating by reference portions of the petition, the guardian ad litem's report, and caseworker testimony was inadequate because it did not constitute "an independent articulation of the particular facts forming the basis of the court's reasons in support of its ultimate findings regarding [parental unfitness] or the [child]'s best interest[]").  In other words, Rule 52(a) ensures that the trial court makes adequate, independent findings with respect to the determinations that 22 M.R.S. § 4055 requires to be made before a court may terminate a parent's rights.

[¶7]  When a challenge is made on appeal to the *sufficiency* of those findings to support the judgment, Rule 52(a) does not operate, as the father argues, to preclude a wider view of the record; only a motion for *additional* findings pursuant to M.R. Civ. P. 52(b) will have that effect.  *In re Children of Quincy A.*, 2023 ME 49, ¶¶ 24-26, 300 A.2d 832.  If the trial court makes findings on the required determinations, *and* there was no request for further findings under Rule 52(b), "we will infer that the trial court found all the facts necessary to support its judgment, if those findings are supported by competent evidence in the record."  *Adoption of Paisley,* 2018 ME 19, ¶ 27, 178 A.3d 1228; *see In re Children of Quincy A.,* 2023 ME 49, ¶ 26, 300 A.3d 832 (confirming that "in the

absence of a Rule 52 motion for further findings, . . . we assume that the court implicitly made findings consistent with the evidence that are necessary to support the judgment" (quotation marks omitted)).

[¶8]  Here, the court made the following findings of fact in support of its ultimate findings that termination of the father's parental rights and the permanency plan of adoption were in the child's best interest:

> [The child] has been in Department [of Health and Human Services (DHHS)] custody for approximately 26 months of the 35 months of his life.  [The child] needs permanency and cannot wait for [the father] to alleviate the concerns that brought him into DHHS custody.  [The child] has been in the same stable, loving, and nurturing foster home with [the child's] maternal grandparents since coming into custody.  The home meets all of his needs and provides [the child] with a connection to extended family members.  The grandparents desire to adopt him.

Further, the court found that in light of "the strong public policy favoring permanency for children," which is intended, in part, to "[e]liminate the need for children to wait unreasonable periods of time for their parents to correct the conditions which prevent their return to the family," the permanency plan of adoption "is clearly in the best interest of [the child] so that [the child] can have permanency."

[¶9]  The foregoing findings satisfy Rule 52(a)'s requirements and our holding in *In re Children of Billie S.*, 2024 ME 1, ¶¶ 7-8, 307 A.3d 1046.  The court

set out "specific, independently made" findings of fact supporting its ultimate findings that termination of the father's parental rights and adoption are in the child's best interest, namely, the extended length of time the child has been in care, the child's need for permanency now, the father's inability to alleviate jeopardy in a timely fashion, and the stability that the child enjoys in the home of his maternal grandparents, who are ready, willing, and able to adopt the child. These findings are "sufficient to support the result" and "inform the parties and any reviewing court of the factual and legal basis for the trial court's decision." Alexander, *Maine Appellate Practice*, § 416(e) at 263 (6th ed. 2022).

[¶10] In addition, the court's ultimate findings that termination of the father's parental rights and a permanency plan of adoption are in the child's best interest are supported by competent evidence in the record. In her testimony at the hearing, the Department caseworker specifically recommended against a permanency guardianship given the child's age, the length of time the child has been in Department custody, and the uncertainty surrounding the father's ability to reunify. The guardian ad litem's final report in January 2024 makes the same recommendation.

[¶11] Thus, we conclude that the court properly exercised its discretion in terminating the father's parental rights instead of ordering a permanency

guardianship.  *See In re Child of Danielle F.*, 2019 ME 65, ¶ 7, 207 A.3d 1193 (rejecting the parent's argument that the trial court should have ordered a permanency guardianship because "the court found that the child needs permanency now, not years down the road"); *In re Haylie W.*, 2017 ME 157, ¶ 4, 167 A.3d 576 (affirming the trial court's determination that a permanency guardianship was not "in the best interest of [the mother's] young children, who have now been living with their grandmother for almost two years of their young lives and need a safe, permanent home"); *In re Emma C.*, 2018 ME 7, ¶ 4, 177 A.3d 628 (affirming the court's decision to terminate parental rights as opposed to ordering a permanency guardianship "because, as the GAL testified, the child is at an age where stability and permanency within a family unit that has demonstrated its commitment to [him] is of the utmost importance").

The entry is:

Judgment affirmed.

---

Sara A. Murphy, Esq., Pierce Atwood LLP, Portland for appellant Father

Aaron M. Frey, Attorney General, Hunter C. Umphrey, Asst. Atty. Gen., and Erica Hamilton, Stud. Atty., Office of the Attorney General, Bangor, for appellee Department of Health and Human Services